<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CHRISTOPHER MESSER and SHANNON MESSER, | Civil Action No. 24-07880 (GC) (TJB) <br><br> **<u>MEMORANDUM ORDER</u>** |

**<u>CASTNER, U.S.D.J.</u>**

**THIS MATTER** comes before the Court upon *pro se* Plaintiffs Christopher and Shannon Messer's "Emergency Motion to Quash Writ of Possession and Order to Enforce Litigants Rights for Due Process Violations and Deprivation of Rights Under the Color of Law." (ECF No. 1.)

**I.     BACKGROUND**

Plaintiffs initiated this action by the filing of their motion on July 19, 2024. (*Id.*) Plaintiffs have not named or served any defendants but ask this Court "to quash the writ of possession issued on July 18, 2024 by Assignment Judge Michael A. Toto and the Order to Enforce Litigants Rights issued by Judge Alberto Rivas [of the Superior Court of New Jersey] on the grounds of due process violations and deprivation of . . . rights under the color of law."[1] (*Id.* at 2.) Plaintiffs claim that they had "been placed in lawful possession of the family home located at 9 Tara Dr., Matawan, NJ 07747, since July 2016 by [their] mother-in-law/mother" after Plaintiffs performed on an

---

[1]     Plaintiffs invoke federal question jurisdiction under 28 U.S.C. § 1331.

"agreement to restore her property 'to be the family home with no more mixed interests' from [the mother-in-law/mother's] unbiblical romantic partners." (*Id.*)  Nevertheless, on July 10, 2024, Patricia D'Astoli allegedly "filed an application for a writ of possession," which was granted. (*Id.* at 3.)  Plaintiffs complain that a motion to disqualify Judge Rivas was not addressed. (*Id.*)  Plaintiffs also complain that being forced to vacate the "home with their three sons (one only a minor child) under these circumstances would impose extreme hardship and constitute cruel and unusual punishment given the context of [their] reliance and agreement with [their] Mother-in-law/Mother to restore the family home for mutual benefit and under specific terms." (*Id.* at 6.)

Plaintiffs assert, among other things, that the writ of possession issued by Judge Toto and the subsequent orders of Judge Rivas violate the Seventh Amendment for being denied a jury trial, violations of the Sixth Amendment for not being adequately informed of the proceedings against them, and Eighth Amendment violations for cruel and unusual punishment. (*Id.* at 3-6.)  They ask, among other things, for the Court to quash the state-court writ of possession and order to enforce litigant's rights, to stay all state-court proceedings until a jury trial is held, and to disqualify Judge Rivas and void all of the state-court orders. (*Id.* at 9.)

On July 19, 2024, the same day that the motion was filed, the Clerk of Court issued a letter to Plaintiffs informing them that they had not paid the filing fee or filed an *in forma pauperis* ("IFP") application to initiate the action. (ECF No. 2.)  The Clerk informed Plaintiffs that if no fee or IFP application were received within twenty-one days, the matter would be deemed withdrawn and the case would be closed. (*Id.*)

Then, on July 30, 2024, Plaintiffs filed a "Demand to Quash Authority of Judge Michael A. Toto and Albert Rivas and Void Order Due to Lack of Required Bond and Appearance Bias." (ECF No. 4.)  Plaintiffs noted that they "are currently involved in ongoing proceedings in the New

Jersey Superior Court presided over by . . . Judge Michael A. Toto and Albert Rivas." (*Id.* at 1-2.) Plaintiffs argued that under New Jersey law, N.J. Stat. Ann. § 2B:2-2, judicial officers are required to post an official bond for the faithful performance of their duties before assuming office." (*Id.* at 3.) Plaintiffs claim that they contacted "the Secretary of State of New Jersey, and there were no bond records found for either" judge. (*Id.*) Plaintiffs ask the Court to declare the judicial action of Judges Toto and Rivas "invalid" based on the lack of a bond. (*Id.*)

On August 2, 2024, the Clerk of Court noted on the docket that Plaintiffs had paid the filing fee to initiate the case under receipt number 139637.

That same day, August 2, Plaintiffs filed a letter asking the Court to immediately stay their eviction from the home at issue. (ECF No. 7.) Plaintiffs wrote that sheriff's officers were at the home and ejecting them based on the orders issued by the Superior Court of New Jersey. (*Id.*)

## II.     DISCUSSION

After careful review, the Court must deny at this time Plaintiffs' application to stay their eviction or to quash the Superior Court of New Jersey's orders.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, at this early stage, Plaintiffs' submissions do not demonstrate a likelihood of success on the merits.[2]

To the extent that Plaintiffs seek relief from the writ of possession issued in the state-court

---

[2]     The Court also notes that Plaintiffs have not named or served any defendant to be enjoined, and it is generally disfavored that a court issue an injunction *ex parte*. *See, e.g., Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974).

proceeding, their claims are likely barred by either the *Younger* abstention or *Rooker-Feldman* doctrines. *See, e.g.*, *Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 131 (3d Cir. 2013) (affirming abstention under *Younger* and *Rooker-Feldman* where plaintiff asked district court to enjoin and review state court proceedings concerning a writ of possession).

Under the *Younger* abstention doctrine, "federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances." *Dye v. Fed. Home Loans Corp.*, Civ. No. 09-640, 2009 WL 3927125, at *1 (D. Del. Nov. 18, 2009)." "The court must abstain where: '(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims.'" *Id.* (citation omitted).

Under the *Rooker-Feldman* doctrine, federal courts are barred "from hearing cases 'that are essentially appeals from state-court judgments.'" *Young v. U.S. Bank Nat'l Ass'n*, Civ. No. 24-2315, 2024 WL 2925967, at *2 (E.D. Pa. June 10, 2024) (quoting *Nest v. Nationstar Mortg., LLC*, Civ. No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016)). Four factors are considered to determine if the *Rooker-Feldman* doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010)).

Here, as to *Younger*, there are pending state court proceedings that directly relate to the issues raised by Plaintiffs. New Jersey has an important interest in resolving actions involving property in the State and evictions therefrom. And Plaintiffs have an adequate opportunity to raise their claims in state court, and New Jersey's appellate courts offer an adequate forum in which to

4

review any state trial court rulings. Accordingly, the Court does not find at this stage that Plaintiffs have provided sufficient special circumstances "to take the extraordinary step of issuing an injunction to interfere with state court proceedings." *Dye*, 2009 WL 3927125, at *2.

As to *Rooker-Feldman*, the writ of possession appears to have issued following summary judgment entered in the Superior Court. (ECF No. 1-4 at 7-16.) The Superior Court found that "Plaintiffs have no right to possession of the property" and "[b]y all accounts, Plaintiffs have been able to live at 9 Tara Drive gratuitously." (*Id.* at 14.) Plaintiffs' claims here are based upon the injuries they allege to have suffered because of that judgment and subsequent orders, namely, their eviction from the home at issue. The summary judgment decision and writ of possession were issued before the first filing in this Court. And Plaintiffs are inviting this federal court to review and reject the state court judgment and other orders. Accordingly, *Rooker-Feldman* may also bar the challenge. *Coppedge*, 511 F. App'x at 132 (noting that a district court sitting "in appellate review of state-court proceedings" is "a role *specifically* prohibited by *Rooker–Feldman*").

Further, even if *Younger* abstention and the *Rooker-Feldman* doctrine do not apply, federal courts have repeatedly "held that the Anti-Injunction Act precludes a federal court from enjoining state-court eviction or foreclosure proceedings." *Young*, 2024 WL 2925967, at *3 (collecting cases); *see also Frankel v. Guzman*, Civ. No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) ("[S]everal district courts in this Circuit have held that '[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.'" (collecting cases)); *Rhett v. Div. of Hous., Dep't of Cmty. Affs.*, Civ. No. 14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Liggon-Redding v. Generations*, Civ. No. 14-3191, 2014 WL 2805097,

at *2 (D.N.J. June 20, 2014) ("[F]ederal courts 'lack the authority to stay any state court proceedings, including Eviction Actions.'" (citation omitted)).

In addition, Plaintiffs cite no caselaw to support their contention that the alleged failure of Judges Toto and Rivas to pay an alleged bond would render all of their rulings invalid. The statute cited by Plaintiffs, N.J. Stat. Ann. § 2B:2-2, merely states that "[a] judge of the Superior Court may be assigned temporarily by the Chief Justice to any court established by statute and exercise all powers of that court." N.J. Stat. Ann. § 2B:2-2.

### III.   CONCLUSION & ORDER

For the reasons stated above, and other good cause shown,

**IT IS** on this 2nd day of August, 2024, **ORDERED** as follows:

1. Plaintiffs' Emergency Motion (ECF No. 1) is **DENIED** without prejudice.

2. The Clerk is directed to administratively terminate the motion at ECF No. 1.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

6